**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fredy J Hernandez,<br><br>            Plaintiff,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>            Defendants. | No. CV-19-04885-PHX-JJT (ESW)<br><br>**REPORT AND RECOMMENDATION AND ORDER** |

**TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT COURT JUDGE:**

Pending before the Court are Plaintiff's "Motion for Extention [sic] of Time to Serve Process/Summons, Complaint (30 or 60 Day's)" (Doc.99), "Motion for a Special Appointment to Serve Process (Summons & Complaint)" (Doc. 100), and "Motion or Notice of Substitution of Partie(s) [sic]." (Doc. 103). The Court will deny Plaintiff's Motions and recommend that the Court dismiss without prejudice Defendants De Los Santos and Pina from the Complaint (Doc. 1).

## I. PROCEDURAL HISTORY

On August 2, 2019, Plaintiff filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a) and required Defendants Ryan, Moore, Wide, Jones, Hadgens, Altamirano, Pina, and De Los Santos to answer Counts One, Two (in part), Four (in part) and Six. (Doc. 18 at 19). The Court further granted Plaintiff 120 days to file a Notice of Substitution as to Defendants Warden Doe and Assistant Warden Doe. (*Id.*). All remaining claims and

Defendants were dismissed without prejudice. (*Id.*). The Court ordered Plaintiff to effectuate service of process within (i) 90 days of the filing of the Complaint or (ii) 60 days of the Order, whichever was later, or dismissal pursuant to Fed. R. Civ. P. 4(m) and LRCiv 16.2(b)(2)(B)(ii) would occur. (*Id.*).

Service was returned unexecuted as to Defendants De Los Santos (Doc. 23) and Pina (Doc. 26) with the notation "no employee by this name." On December 13, 2019, the Court ordered the Clerk of Court to send Plaintiff blank subpoenas duces tecum to conduct discovery regarding Defendants' service addresses. (Doc. 29 at 2). The service and substitution deadlines were extended to February 12, 2020. (Id.).

On January 28, 2020, the Court extended the service deadline to March 30, 2020 and ordered defense counsel to file under seal the last known addresses of Defendants De Los Santos and Pina. (Doc. 41 at 1). On February 6, 2020, counsel filed last known addresses for Defendants De Los Santos and Pina under seal. (Doc. 50 at 2). On February 7, 2020, the Clerk of Court promptly prepared service packets and forwarded them to the United States Marshals Service ("USMS") for service of process.

The Court extended the substitution deadline to March 17, 2020. (Doc. 57).

Service was returned unexecuted as to Defendant De Los Santos on March 11, 2020 with the notation "return to sender attempted not known." (Doc. 60). Service was returned unexecuted as to Defendant Pina on April 30, 2020 with the notation "made 3 attempts (invalid address per property manager)." (Doc. 77 at 1).

The Court again extended the deadline for service of process to July 8, 2020. (Doc. 88).

By Scheduling Order, the Court set March 9, 2020 as the deadline for filing motions to amend the complaint and join additional parties. (Doc. 37 at 4). The Court extended the deadline for filing motions to amend the complaint and join parties to June 12, 2020 (Doc. 75 at 3) and again to July 23, 2020 (Doc. 96 at 4). Plaintiff's Motion to Amend (Doc. 104) is pending briefing. The Court notes, however, that Plaintiff identifies by name the

Doe Defendants for which the Court granted Plaintiff leave to file a Notice of Substitution in her proposed Amended Complaint.

## II. LEGAL STANDARDS

### A. Service of Process

Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*.

As the Ninth Circuit Court of Appeals has explained, "Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citing Fed. R. Civ. P. 4(m) and *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir. 1995)). "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *Id.* The Ninth Circuit has found it "unnecessary, however, to articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)," noting "only that, under the terms of the rule, the court's discretion is broad." *Id*. at 513. Yet "no court has ruled that the discretion is limitless. In making extension decisions under Rule 4(m) a district court *may* consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (emphasis added).

If a pro se prisoner proceeding *in forma pauperis* has provided to the USMS sufficient information to effectuate service on a defendant, the USMS' failure to effect service is "automatically good cause" to extend the service deadline. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Sellers v. United States,* 902 F.2d 598, 603 (7th Cir. 1990)), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). But where a prisoner fails to provide the USMS with accurate and sufficient information

to effect service of the summons and complaint, a court's sua sponte dismissal of the unserved defendant(s) is appropriate. *Id*.

It is not the Court's role to assist Plaintiff in obtaining Defendants' addresses. *See Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for *pro se* litigants."); *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (federal "judges have no obligation to act as counsel or paralegal to *pro se* litigants") (italics in original); *Barnes v. United States,* 241 F.2d 252 (9th Cir. 1956) (noting pro se litigant does not have rights that a represented litigant does not have).

### B.  Alternate Methods of Service

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Intern., Ltd. V. Rudolf Wolff & Co.*, *Ltd.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*; *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). Rule 4(e)(1)(2), Fed. R. Civ. P., provides in relevant part that "[u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally. . . ."  Under Rule 4.1(k), Ariz. R. Civ. P., if personal service becomes impracticable, then the court may direct that service be accomplished by alternate means. *See BMO Harris Bank, N.A., v. D.R.C. Investments, L.L.C.*, No. CV-13-1692-PHX-LOA, 2013 WL 4804482, at *4 (D. Ariz. Sept. 9, 2013) (personal service found to be impracticable where five attempts made to serve and defendants were evading service of process); *see also Blair v. Burgener*, 245 P. 3d 898, 903-04 (Ariz. Ct. App. 2010) (interpreting "impracticable" to mean difficult or inconvenient, not impossible).

If the court allows an alternate or substitute form of service, "reasonable efforts shall

be undertaken by the party making service to assure that actual notice of the commencement of the action is provided to the person to be served . . . ." Rule 4.1(k), Ariz. R. Civ. P. "[A]lternative method[s] of service must comport with constitutional notions of due process." *BMO Harris Bank, N.A. v. Guthmiller*, No. CV-14-00275-PHX-JAT, 2014 WL 2600362, at *2 (D. Ariz. June 10, 2014). The method must be "reasonably calculated under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

## III. DISCUSSION

A year has now passed since Plaintiff filed her Complaint on August 2, 2019. The Court has issued multiple, generous extensions of time for service of process on Defendants De Los Santos and Pina. The Court has provided Plaintiff with subpoenas duces tecum to conduct discovery regarding service addresses, and the Court has ordered opposing counsel to file under seal last known addresses for the Defendants. Despite these efforts, the Plaintiff has been unable to provide USMS with current addresses for Defendants De Los Santos and Pina. Plaintiff has not articulated a viable plan to ascertain the addresses she seeks during the fifth extension of time she has requested.

No evidence has been presented to suggest that Defendants De Los Santos and Pina are evading service of process or that service of process is so difficult and inconvenient that an alternate method of service is necessary. If USMS had a current address for the Defendants, the Court has no reason to believe USMS would be unable to effectuate personal service. The Federal Rules of Civil Procedure, local rules and case authority do not provide for the appointment of a process server to assist Plaintiff in her civil case. Nor is opposing counsel required to accept service of process for individuals who have not consented to counsel's acceptance of service of process on their behalf. Plaintiff has not met her burden in establishing the need for alternate methods of service for Defendants De Los Santos and Pina.

Dismissal without prejudice is appropriate under these circumstances. The

undersigned recommends that the Court dismiss Plaintiff's Complaint as to Defendants De Los Santos and Pina without prejudice for failure to timely serve pursuant to Fed. R. Civ. P. 4(m).

In her "Motion or Notice of Substitution of Partie(s)," Plaintiff requests that the Court substitute Defendant Altamirano, denoted as No. 12 on Plaintiff's Complaint, with Sargent Trevino as the Defendant "responsible for Plaintiff(s) rights violations" in Count IV. (Doc. 103 at 1). However, the Court granted Plaintiff the right to file a Notice of Substitution regarding Defendants Warden Doe and Assistant Warden Doe, not Defendant Altamirano. Plaintiff does not assert that Sargent Trevino is either Defendant Warden Doe or Assistant Warden Doe. Therefore, the "Notice or Motion of Substitution of Partie(s)" is improper and will be denied. The Plaintiff has named Sargent Trevino in her proposed Amended Complaint. The addition of Sargent Trevino and the Doe Defendants will be addressed in the context of the Proposed Amended Complaint when fully briefed.

## IV. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** denying Plaintiff's "Motion for Extention [sic] of Time to Serve Process/Summons, Complaint (30 or 60 Day's)" (Doc. 99), "Motion for a Special Appointment to Serve Process (Summons & Complaint)" (Doc. 100), and "Motion or Notice of Substitution of Partie(s) [sic]." (Doc. 103).

**IT IS RECOMMENDED** that the Court dismiss without prejudice Defendants De Los Santos and Pina from Plaintiff's Complaint (Doc. 1) for failure to timely serve pursuant to Fed. R. Civ. P. 4(m).

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the

1  objections. Failure to file timely objections to the Magistrate Judge's Report and
2  Recommendation may result in the acceptance of the Report and Recommendation by the
3  District Court without further review.  Failure to file timely objections to any factual
4  determinations of the Magistrate Judge may be considered a waiver of a party's right to
5  appellate review of the findings of fact in an order or judgment entered pursuant to the
6  Magistrate Judge's recommendation.  *See United States v.Reyna-Tapia*, 328 F.3d 1114,
7  1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143,1146-47 (9th Cir. 2007).

Dated this 10th day of August, 2020.

*[signature: EsWillett]*

Honorable Eileen S. Willett
United States Magistrate Judge