**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Fredy J Hernandez,

               Plaintiff,

v.

Charles L Ryan, et al.,

               Defendants.

No. CV-19-04885-PHX-JJT (ESW)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:**

      This is a civil rights action filed pro se by Arizona state prisoner Fredy Hernandez ("Plaintiff") pursuant to 42 U.S.C. § 1983 concerning events that allegedly took place at the Arizona State Prison Complex ("ASPC")-Lewis.  One of the Defendants named in the Complaint is a correctional officer named Hadgens. (Doc. 1 at 3).

      In February 2020, Defendants notified the Court that no individual by the name of "Hadgens" has ever worked at ASPC-Lewis.  (Doc. 50 at 2).  On June 24, 2020, the Court issued an Order noting that Plaintiff's Complaint indicates that "Hadgens" may be a misspelling and that the Defendant's name might actually be "Hudgens."  (Doc. 96 at 2). On July 1, 2020, Defendants notified the Court that no correctional officer named "Hudgens" worked at ASPC-Lewis during the relevant time period.  (Doc. 98).  The deadline to serve Defendant Hadgens/Hudgens expired on July 31, 2020  (Doc. 96 at 3).[1]

---

[1]The Court's Order (Doc. 116) allowing Plaintiff to proceed with the First Amended

On September 10, 2020, the Court ordered Plaintiff to show cause no later than September 25, 2020 why Defendant Hadgens/Hudgens should not be dismissed from the action without prejudice for failure to timely serve pursuant to Fed. R. Civ. P. 4(m).  On October 5, 2020, Plaintiff responded to the Order, stating that "the inmates include myself doesn't had the right name, but they are suggested that her name may be is or spelling as Hodgeins, Hodgens or Hodgins…." (Doc. 141 at 2).  Plaintiff also asks that defense counsel "investigate about the above Defendant (name) to address the issue…." (Id.).   In Defendants' Response to Plaintiff's Filing Re: Defendant Hadgens/Hudgens (Doc. 141), "Defendants affirmatively notify the Court that no individual named 'Hodgeins,' 'Hodgens,' or 'Hodgins,' worked at ASPC-Lewis as a correctional officer in 2017."  (Doc. 142 at 1).  Defendants request that all claims regarding Defendant Hadgens/Hudgens be dismissed.

## I. DISCUSSION

Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*.

As the Ninth Circuit Court of Appeals has explained, "Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint."  *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citing Fed. R. Civ. P. 4(m) and *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir. 1995)).  "First, upon a showing of good cause for the defective service, the court must extend the time period.  Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *Id.*  The Ninth Circuit has found it "unnecessary, however, to articulate a specific test that a court must apply in exercising its

---

Complaint does not restart the service deadline as to Defendant Hadgens/Hudgens. *See Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006) (the time for service "is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint.") (citing *Carmona v. Ross*, 376 F.3d 829 (8th Cir. 2004)).

discretion under Rule 4(m)," noting "only that, under the terms of the rule, the court's discretion is broad." *Id.* at 513.  Yet "no court has ruled that the discretion is limitless. In making extension decisions under Rule 4(m) a district court *may* consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (emphasis added).

If a pro se prisoner proceeding *in forma pauperis* has provided to the USMS sufficient information to effectuate service on a defendant, the USMS' failure to effect service is "automatically good cause" to extend the service deadline.  *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Sellers v. United States,* 902 F.2d 598, 603 (7th Cir. 1990)), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). But where a prisoner fails to provide the USMS with accurate and sufficient information to effect service of the summons and complaint, a court's sua sponte dismissal of the unserved defendant(s) is appropriate.  *Id*.

It is not the Court's role to assist in obtaining Defendant Hadgens/Hudgens name and address.  *See Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for *pro se* litigants."); *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (federal "judges have no obligation to act as counsel or paralegal to *pro se* litigants") (italics in original); *Barnes v. United States,* 241 F.2d 252 (9th Cir. 1956) (noting pro se litigant does not have rights that a represented litigant does not have). Plaintiff has not presented any information from which the Court may conclude that Defendant Hadgens/Hudgens will be correctly identified and timely served. Dismissal without prejudice is appropriate under these circumstances.  The undersigned recommends that the Court dismiss Defendant Hadgens/Hudgens from this action without prejudice for failure to timely serve pursuant to Fed. R. Civ. P. 4(m).

## II. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Court dismiss without prejudice Defendant Hadgens/Hudgens from this action for failure to serve pursuant to Fed. R. Civ. P. 4(m).

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See United States v.Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 4th day of November, 2020.

Honorable Eileen S. Willett
United States Magistrate Judge