IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fredy J. Hernandez,<br>        Plaintiff,<br>v.<br>Charles L. Ryan, *et al.*,<br>        Defendants. | No. CV-19-04885-PHX-JJT (ESW)<br>**ORDER** |

At issue is the Report and Recommendation ("R&R No. 1," Doc. 109) submitted by United States Magistrate Judge Eileen S. Willett recommending that the Court dismiss without prejudice Defendants De los Santos and Pina from the Complaint in Plaintiff's pending civil rights action. (Doc. 1.) Plaintiff filed an Objection to the R&R. (Doc. 119.)

Also at issue is a second R&R ("R&R No. 2," Doc. 118) submitted by Judge Willett recommending the Court dismiss Counts Three, the retaliation component of Count Four, Five and Seven from the First Amended Complaint (FAC, Doc. 117)[1], and dismiss Defendants Ende and Altamirano from the action. Plaintiff filed two sets of Objections to R&R No. 2. (Docs. 133, 134.)

Finally, at issue is a third R&R from Judge Willett ("R&R No. 3," Doc. 152), recommending the Court dismiss Defendant Hadgens or Hudgens from the action for failure to serve her. Plaintiff filed no Objection thereto.

. . . .

---

[1] After Judge Willett entered R&R No. 1, pertaining to the original Complaint in this matter, Plaintiff filed the FAC.

1    The Court will adopt R&R No. 1 and dismiss Defendants De los Santos and Pina from the action. R&R No. 1 was entered on August 10, 2020, and warned Plaintiff that she had fourteen days from service of the R&R to file written objections with the Court, and failure to timely file objections would result in this Court accepting the R&R without further review. (R&R No. 1 at 6-7.) Plaintiff's Objection was manually filed with the Court on August 31, 2020, 21 days after entry of R&R No. 1. Giving Plaintiff the benefit of the doubt that delay in service upon her of the R&R and her mailing of her Objection accounts for the seven additional days, the Court will consider the Objection timely. Upon review, however, it will overrule the Objection.

Judge Willett clearly analyzed the time limits imposed for service under Rule 4, Fed. R. Civ. P., and the law governing extensions to effect service. She noted in R&R No. 1 that as of that writing, a year had passed since Plaintiff filed her Complaint in the matter, and the Court had to that point granted multiple and generous extensions to give Plaintiff the opportunity to serve Defendants Pina and De los Santos via the United States Marshal Service, but had not succeeded. As of the writing of this Order, four more months have passed, and Plaintiff still has not effected service. Judge Willett correctly concluded good cause does not exist for further extensions—the matter must move forward and for that to happen, its parties must become static.

Plaintiff's Objection is lengthy, but does not present grounds for rejecting the law and reasoning Judge Willett put forth. It merely recites law untethered to the argument at hand, along with conclusory statements that Plaintiff should be given more time. The Court will overrule it and dismiss Defendants De los Santos and Pina.

The Court also will adopt in whole R&R No. 2 and overrule Plaintiff's Objections thereto. Again, Judge Willet is clear in her citation of applicable law and resultant conclusion that Plaintiff has not alleged facts that could support a finding of deliberate indifference necessary to pursue Counts Three and Five, as well as the remaining aspects of Court Four, and despite the Court giving her an opportunity to cure these defects, she failed to do so in her FAC. Judge Willet also correctly concluded that because in her FAC,

Plaintiff did not amend Count Seven, which the Court had previously dismissed without prejudice, it too should be dismissed. Next, Because Defendant Ende was only named in connection with Count Three, which will be dismissed, Judge Willett correctly concluded he should be dismissed from the action. Finally, because the FAC makes no allegations against Defendant Altamirano, Judge Willett correctly concluded the Court should dismiss him from the matter.

Again, Plaintiff has filed lengthy objections totaling 24 pages across two filings, but none of it does more than recite largely inapplicable law and make conclusory statements without logical connection to the issues raised. The Court will overrule the Objections at Docs. 133 and 134.

Finally, the Court will adopt R&R No. 3, recommending that it dismiss Defendant Hadgens or Hudgens for failure to serve. Plaintiff failed to file objections, timely or otherwise, to this R&R which was entered nearly a month ago. The Court therefore need not further review the R&R; it nonetheless does such a review on the merits, and in so doing, concludes Judge Willett's reasoning to be sound. Judge Willett ordered Plaintiff to show cause why Defendant Hadgens/Hudgens should not be dismissed; she could not do so. Like Defendants De los Santos and Pina, Defendant Hadgens/Hudgens was named in the original complaint in this matter well over a year ago. She has not been identified, let alone served, despite extensions. It is time to move forward.

IT IS ORDERED overruling Plaintiff's Objections at Docs. 119, 133 and 134 and adopting Judge Willett's R&Rs Nos. 1, 2 and 3. (Docs. 109, 118, 152.)

IT IS FURTHER ORDERED dismissing Defendants De los Santos, Pina and Hadgens/Hudgens for failure to timely serve them.

IT IS FURTHER ORDERED dismissing Count Three, the retaliation component of Count Four, and Counts Five and Seven, with prejudice.

. . . .

. . . .

. . . .

1   IT IS FURTHER Ordered dismissing Defendants Ende and Altamirano from the matter with prejudice.

Dated this 2nd day of December, 2020.

_____
Honorable John J. Tuchi
United States District Judge